UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Donovan Anderson,

                        Petitioner,
                                              CV-04-4702 (CPS)

     - against -                              MEMORANDUM
                                              OPINION AND ORDER
People of the State of New York,

                        Respondent.

----------------------------------------X

SIFTON, Senior Judge.

        Anderson petitions this Court for a writ of *coram nobis*
pursuant to the All Writs Act, 28 U.S.C. § 1651(a) vacating his
convictions in the Supreme Court of New York for sodomy and rape.
In the alternative, he requests that the Court recharacterize his
petition as one for habeas corpus pursuant to 28 U.S.C. § 2254.

        For the reasons that follow, the petition is recharacterized
as one for habeas corpus pursuant to 28 U.S.C. § 2254 and
transferred to the Court of Appeals for the Second Circuit to be
considered for certification pursuant to 28 U.S.C. §
2244(b)(3)(A).[1]

_____

[1] 28 U.S.C. § 224(b)(3)(A) provides:

    Before a second or successive application permitted by this
    section is filed in the district court, the applicant shall move
    in the appropriate court of appeals for an order authorizing the
    district court to consider the application.

## Background

The following facts are taken from the record in this action.

In 1989, Anderson was convicted after jury trial of rape and sodomy in New York state court. The conviction was upheld by the Appellate Division, *People v. Anderson*, 186 A.D.2d 140 (N.Y. App. Div. 1992), and the New York Court of Appeals denied leave to appeal. *People v. Anderson*, 80 N.Y.2d 1025 (N.Y. 1992).

In 1995, Anderson moved in New York Supreme Court to vacate his conviction pursuant to N.Y.C.P.L. § 440.10. The court denied the motion on December 18, 1995, and denied Anderson's motion for reargument on March 4, 1996. On March 25, 1996, the Appellate Division denied leave to appeal. On June 6, 1996, the New York Court of Appeals denied leave to appeal from the Appellate Division's decision denying leave to appeal.

On October 7, 1998, Anderson petitioned for a writ of *coram nobis* in the Appellate Division of New York raising a *Brady* claim, a state law speedy trial claim, a claim of ineffective assistance of counsel, and a claimed violation of due process. On May 17, 1999, the Appellate Division dismissed the petition.

While his petition for a writ of *coram nobis* was pending in state court, Anderson, in a related case, *Anderson v. Strack*, 98-CV-6392 (E.D.N.Y.), petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In November 1998, Anderson

amended the petition to include the claims for relief alleged in his *coram nobis* petition pending before the state court. On June 17, 1999, this Court dismissed Anderson's petition as time-barred and denied a certificate of appealability. Anderson then filed a notice of appeal. On October 26, 1999, the Court of Appeals denied a certificate of appealability and dismissed the appeal. Anderson moved for panel rehearing, which was denied on January 7, 2000.

Anderson was paroled by the New York State Department of Correctional Services on November 2, 2000. He was placed in custody of the Bureau of Immigration and Customs Enforcement and scheduled for deportation pursuant to a final order of removal. On November 1, 2004, Anderson filed a petition in this case seeking a stay of deportation. A temporary stay was granted. In a reply brief, Anderson stated that he was also seeking a writ of *coram nobis*. The United States Attorney was directed to show cause why the writ should not issue. In his reply to the response to the order to show cause, Anderson asked the Court to recharacterize his petition as one for habeas corpus pursuant to 28 U.S.C. § 2254 in the event that he was not eligible for a writ of *coram nobis*.

Although no decision had been issued concerning this petition, Anderson filed a notice of appeal to the Second Circuit on April 25, 2005.

Before the Court in this case is Anderson's petition for *coram nobis*, which he has consented to have recharacterized as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.

## Discussion

### Jurisdiction

Although Anderson has filed a notice of appeal in this case, this Court retains jurisdiction. Where no final order has been issued, a notice of appeal does not deprive the district court of jurisdiction. *See United States v. Rodgers*, 101 F.3d 247, 251-52 (2d Cir. 1996); *Leonhard v. United States*, 633 F.2d 599, 610 (2d Cir. 1980); Allan Ides, *The Authority of a Federal District Court to Proceed After a Notice of Appeal Has Been Filed*, 143 F.R.D. 307, 310-11 (1992) (notice of appeal that is plainly defective does not divest district court of jurisdiction).

### Petition for Writ of *Coram Nobis*

The writ of *coram nobis* cannot be used in federal court to vacate a state court conviction. *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003); *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982); *Cruz v. People of New York*, 03 Civ. 9815, 2004 WL 516787 (S.D.N.Y. July 6, 2004). Anderson can seek *coram nobis* relief only in state court. Accordingly, pursuant to Anderson's request, the Court recharacterizes his petition as one for habeas corpus pursuant to 28 U.S.C. § 2254.

Petition for Writ of Habeas Corpus

I previously dismissed Anderson's first petition for habeas corpus as untimely.  Dismissal of a habeas corpus petition as untimely constitutes an adjudication on the merits and renders a subsequent petition successive.  *Villanueva v. United States,* 346 F.3d 55, 61 (2d Cir. 2003).  Before a habeas petitioner may file a successive petition with the district court, he must seek permission from the Court of Appeals.  28 U.S.C. § 2244(b)(3)(A).  When presented with a second petition for which the petitioner has not received certification, the district court is required to transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631.[2]  A district court may not address the merits of a successive petition unless it has been certified.  *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (reversing district court's dismissal of time-barred, successive petition that had not been certified by Court of Appeals).  The petition must therefore be transferred to the Court of Appeals.

## Conclusion

For the foregoing reasons, the Clerk is directed to transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631

---

[2] *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996). Section 1631 provides district courts the power to transfer civil actions to cure want of jurisdiction.

and to furnish a filed copy of the within to all parties.

        SO ORDERED.

Dated :  Brooklyn, New York

        August 26, 2005


                By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                    United States District Judge